# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:12-cv-00067-MR-DLH

| | |
|---|---|
| PENNY ELMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| AUTO OWNERS INSURANCE CO. ) | |
| and WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Dissolve Stay of Proceedings [Doc. 8]. The Defendant Auto Owners Insurance Co. opposes the Plaintiff's Motion [Doc. 10].

The Plaintiff moved to stay the proceedings in this case on October 18, 2012 [Doc. 6], and the Plaintiff's motion was so granted on October 19, 2012 [Doc. 7]. Now a year later, Plaintiff moves this Court to dissolve the stay. For the reasons that follow, Plaintiff's motion is denied.

As an initial matter, the Plaintiff requested this matter be stayed so that the appraisal process could be completed as required by the insurance

policy. In so moving, the Plaintiff conceded that this process was a condition precedent to proceeding with the present litigation in this Court. Further, the appraisal process, which commenced after the initial stay of the proceedings in this case in October 2012, has already taken significant time and required financial resources, is almost complete, and could potentially resolve the issues of this litigation.

The Plaintiff cites Otto Industries North America, Inc., v. The Phoenix Insurance Company, Civil Action No. 3:12-CV-717-FDW-DCK (W.D.N.C.), in support of its motion to dissolve the stay of proceedings in this case. The holding of Otto Industries, however, is distinguishable from this case. The dispute in Otto Industries related to issues beyond valuation, whereas the essential dispute in this case relates to the actual valuation of the loss due to the possible pre-existing damage in the Plaintiff's dwelling prior to the existence of the Plaintiff's insurance coverage by the Defendant. Further, in Otto Industries, the plaintiff filed suit and then the defendant moved to stay the litigation to start the appraisal process in an effort to delay and place the litigation on hold. Here, the Plaintiff moved to stop the litigation in order to complete the appraisal process according to the terms of the insurance contract.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Dissolve Stay of Proceedings [Doc. 8] is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: January 20, 2014

Martin Reidinger
United States District Judge